# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| ANTHOLOGY INC., *et al.*,[1] | Case No. 25-90498 (ARP) |
| Debtors. | (Jointly Administered) |
|  | **Re: Docket Nos. 127, 284** |

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| Debtor | Date of Voluntary Chapter 11 Petition | Case No. |
|---|---|---|
| Blackboard Campuswide of Texas, inc. | September 29, 2025 | 25-90495 |
| OrgSync, Inc. | September 29, 2025 | 25-90496 |
| Admissions US, LLC | September 29, 2025 | 25-90497 |
| Anthology, Inc. | September 29, 2025 | 25-90498 |
| Blackboard LLC | September 29, 2025 | 25-90499 |
| Blackboard Holdings, LLC | September 29, 2025 | 25-90500 |
| Blackboard Super Holdco, LLC | September 29, 2025 | 25-90501 |
| Edcentric Holdings, LLC | September 30, 2025 | 25-90502 |
| Astra Acquisition Corp. | September 30, 2025 | 25-90503 |
| Astra Intermediate Holding Corp. | September 30, 2025 | 25-90504 |
| Campus Management Acquisition Corp. | September 30, 2025 | 25-90505 |
| Academic Management Systems, LLC | September 30, 2025 | 25-90506 |
| Edcentric Midco, Inc. | September 30, 2025 | 25-90507 |
| Edcentric, Inc. | September 30, 2025 | 25-90508 |
| Anthology Inc. of Missouri | September 30, 2025 | 25-90509 |
| Anthology Inc. of NY | September 30, 2025 | 25-90510 |
| ApplyYourself, Inc. | September 30, 2025 | 25-90511 |
| AY Software Services, Inc. | September 30, 2025 | 25-90512 |
| Bb Acquisition Corp. | September 30, 2025 | 25-90513 |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Anthology. The location of Debtor Anthology Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 5201 Congress Avenue, Boca Raton, Florida 33487.

| Debtor | Date of Voluntary Chapter 11 Petition | Case No. |
|---|---|---|
| Bb Management LLC | September 30, 2025 | 25-90514 |
| Blackboard Collaborate Inc. | September 30, 2025 | 25-90515 |
| Blackboard Student Services Inc. | September 30, 2025 | 25-90516 |
| Blackboard Tennessee LLC | September 30, 2025 | 25-90517 |
| Higher One Real Estate SP, LLC | September 30, 2025 | 25-90518 |
| MyEdu Corporation | September 30, 2025 | 25-90519 |
| Blackboard International LLC | September 30, 2025 | 25-90520 |
| Perceptis, LLC | September 30, 2025 | 25-90521 |

**PLEASE TAKE NOTICE THAT:**

On September 29, 2025, the Debtors commenced filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Court").[2]

On November 12, 2025 the Court entered an order [Docket No. 284] the ("Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.    THE BAR DATES.**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates").

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

a. ***The General Claims Bar Date***. Pursuant to the Bar Date Order, except as described below, all entities (except governmental units and entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are **required** to file Proofs of Claim by **December 19, 2025, at 5:00 p.m., prevailing Central Time**. Except as expressly set forth in this Notice and the Bar Date Order, the General Claims Bar Date applies to all types of claims against the Debtors that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b. ***The Governmental Bar Date***. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code are **required** to file Proofs of Claim by **March 30, 2026, at 5:00 p.m., prevailing Central Time**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c. ***The Rejection Damages Bar Date***. Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are **required** to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtors).

d. ***Amended Schedules Bar Date***. Pursuant to the Bar Date Order, all entities (except for entities that/who are exempt from filing Proof(s) of Claim or complying with the applicable Bar Dates) holding

claims affected by the amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are **required** to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is the later of (i) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Central Time, on the date that is thirty days from the date on which the Debtors mail notice of the amendment to the Schedules).

## II.     PARTIES WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein or in the Bar Date Order, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code must file Proofs of Claim on or before the General Claims Bar Date, the Governmental Bar Date, or any other applicable Bar Date set forth in the Bar Date Order, as applicable:

a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b. any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c. any former or present full-time, part-time, salaried, or hourly employees whose claims relates to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code; *provided* that current or former employees of the Debtors are not required to file a Proof of Claim for wages, commissions, benefits, or severance if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business;

d. any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

e. any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

4

**III.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.**

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for certain kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.   The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claim:

a. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b. any entity that already has filed a signed Proof of Claim against the applicable Debtor with the Claims and Noticing Agent in a form substantially similar to Official Form 410 with respect to the claim asserted therein;

c. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d. any entity whose claim has previously been allowed by an order of the Court;

e. any Debtor or non-Debtor affiliate having a claim against a Debtor;

f. any entity whose claim is solely against any non-Debtor affiliate;

g. any entity whose claim has been paid by the Debtors pursuant to an order of the Court;

h. a current or former employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other claims arising before the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i. any current or former officer, manager, director, or employee of any Debtor or non-Debtor affiliate for claims based on indemnification, contribution, or reimbursement;

j. any entity holding a claim for which a separate deadline is fixed by an order of the Court or such entity is exempted from filing a Proof of Claims by an order of the Court;

5

k.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

l.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the Interim DIP Order (together with any final order related thereto, the "DIP Orders") including, for the avoidance of doubt, the Prepetition Superpriority Agent, the Prepetition Secured Parties, the Prepetition Agents, and the DIP Secured Parties, each as defined in the DIP Orders;

m.  any holder of a claim for any fees, expenses, or other obligations arising or payable under an order of the Court in these chapter 11 cases, including the DIP Orders; and

n.  any entity holding an equity interest in any Debtor.

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Central Time, on the date on which each Debtor entity filed its initial voluntary petition for relief under chapter 11 of the Bankruptcy Code (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is in ink.

b.  ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Electronic Signatures Permitted***.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent

6

       or legal representative of the claimant will be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail instead of electronic submission as identified in IV(g) below, will not be accepted.

d. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 25-90498 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Debtor Anthology Inc.

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Debtor Anthology Inc.

f. ***Supporting Documentation.*** A proof of claim that substantially conforms to Official Form 410 and complies with Bankruptcy Rule 3001 will constitute prima facie evidence of the validity and amount of the claim under Rule 3001(f). For claims of the type specified in Bankruptcy Rules 3001(c) and 3001(d), each claim should attach supporting documentation or an adequate statement of the circumstances of the claim, consistent with Rule 3001(c). The failure to attach documentation does not, by itself, eliminate the claim's prima facie effect if the proof of claim otherwise complies with Rule 3001(f), but may affect the weight afforded to the claim and may subject the creditor to the remedies described in Rule 3001(c)(2)(D). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party must produce the supporting documentation to the Debtors' counsel upon request no later than ten days from the date of such request (or such other reasonable period agreed by the parties), and failure to timely provide such documentation may result in appropriate relief under Rule 3001.

g. ***Timely Service***. Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://cases.stretto.com/Anthology/file-a-claim/, or (iii) if

7

    submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be actually received by the Claims and Noticing Agent on or before the General Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Anthology Inc., et al., Claims Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, California 92602

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED**

  h.  *Receipt of Service*.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proof of Claim was received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

  Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

  a.  YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

  b.  THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM IF A CHAPTER 11 PLAN IS APPROVED AND THERE IS NO PROOF OF CLAIM FILED;

  c.  YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

  d.  YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (i) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.

## VII. THE DEBTORS' SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice. You may access the Debtors' Schedules at https://cases.stretto.com/Anthology/court-docket/#search.

## VIII. ADDITIONAL INFORMATION.

Pursuant to the Bar Date Order, each person or entity that files a Proof of Claim shall be deemed to have voluntarily submitted themselves to the jurisdiction of the Court, regardless of whether such person or entity submitted such Proof of Claim on the Proof of Claim Form or Official Form 410.

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the website maintained by the Debtors' Claims and Noticing Agent at https://cases.stretto.com/Anthology. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 4:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (833) 882-2627 (domestic, toll free) or +1 (949) 617-2255 (international).

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM**

| Name of Debtor & Case Number | | |
|---|---|---|
| ☐ Anthology Inc. (25-90498) | ☐ Astra Intermediate Holding Corp. (25-90504) | ☐ Bb Acquisition Corp. (25-90513) |
| ☐ Blackboard Campuswide of Texas, Inc. (25-90495) | ☐ Campus Management Acquisition Corp. (25-90505) | ☐ Bb Management LLC (25-90514) |
| ☐ OrgSync, Inc. (25-90496) | ☐ Academic Management Systems, LLC (25-90506) | ☐ Blackboard Collaborate Inc. (25-90515) |
| ☐ Admissions US, LLC (25-90497) | ☐ Edcentric Midco, Inc. (25-90507) | ☐ Blackboard Student Services Inc. (25-90516) |
| ☐ Blackboard LLC (25-90499) | ☐ Edcentric, Inc. (25-90508) | ☐ Blackboard Tennessee LLC (25-90517) |
| ☐ Blackboard Holdings, LLC (25-90500) | ☐ Anthology Inc. of Missouri (25-90509) | ☐ Higher One Real Estate SP, LLC (25-90518) |
| ☐ Blackboard Super Holdco, LLC (25-90501) | ☐ Anthology Inc. of NY (25-90510) | ☐ MyEdu Corporation (25-90519) |
| ☐ Edcentric Holdings, LLC (25-90502) | ☐ ApplyYourself, Inc. (25-90511) | ☐ Blackboard International LLC (25-90520) |
| ☐ Astra Acquisition Corp. (25-90503) | ☐ AY Software Services, Inc. (25-90512) | ☐ Perceptis, LLC (25-90521) |

United States Bankruptcy Court for the Southern District of Texas

Modified Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**
   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**
   ☐ No
   ☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   _____
   Name

   _____
   Number         Street

   _____
   City                State          ZIP Code

   Contact phone _____

   Contact email _____

   **Where should payments to the creditor be sent?** (if different)

   _____
   Name

   _____
   Number         Street

   _____
   City                State          ZIP Code

   Contact phone _____

   Contact email _____

   Uniform claim identifier (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**
   ☐ No
   ☐ Yes.   Claim number on court claims registry (if known) _____    Filed on _____
                                                                                         MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
   ☐ No
   ☐ Yes.   Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ❏ No<br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |
|---|---|---|
| 7. | How much is the claim? | $_____. Does this amount include interest or other charges?<br>❏ No<br>❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. | Is all or part of the claim secured? | ❏ No<br>❏ Yes.   The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❏ Motor vehicle<br>❏ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**  $_____<br>**Amount of the claim that is secured:**  $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>❏ Fixed<br>❏ Variable |
| 10. | Is this claim based on a lease? | ❏ No<br>❏ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |
| 11. | Is this claim subject to a right of setoff? | ❏ No<br>❏ Yes. Identify the property: _____ |

Modified Form 410           **Proof of Claim**           page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.<br><br>\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                     MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
      First name        Middle name        Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number        Street

_____
City                        State        ZIP Code

Contact phone _____    Email _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                    12/24

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/anthology/claims/

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Please send completed Proof(s) of Claim to:**
Anthology Inc., et al., Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**You may also file your claim electronically at https://cases.stretto.com/anthology/file-a-claim/**

### Do not file these instructions with your form