UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

---------------------------------------------------------- x
:
In re: : Chapter 11
:
ANTHOLOGY, INC., *et al* : Case No. 25-90498 (ARP)
:
Debtors.¹ : (Jointly Administered)
:
---------------------------------------------------------- x

### RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE DISCLOSURE STATEMENT

The Official Committee of Unsecured Creditors (the "**Committee**") of Anthology, Inc., and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**") in the above-captioned chapter 11 cases hereby submits this response (the "**Response**") in response to the *Debtors' Motion for Entry of an Order (i) Conditionally Approving the Adequacy of the Disclosure Statement, (ii) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors Proposed Chapter 11 Plan, (iii) Approving the Forms of Ballots and Notices in Connection Therewith, (iv) Approving the Equity Rights Offering Procedures and Related Materials, (v) Scheduling Certain Dates with Respect Thereto, and (vi) Granting Related Relief* [Dkt. No. 488].² The Committee respectfully represents as follows:

---

¹ A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Anthology. The location of Debtor Anthology Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 5201 Congress Avenue, Boca Raton, Florida 33487.

² Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Disclosure Statement [Dkt. No. 485] and the Plan [Dkt. No. 484].

## RESPONSE

1. The Debtors' Plan contemplates a reorganization of the Teaching and Learning Business (through an equitization of the first liens). The Committee recognizes the benefits of a go-forward business, through which many contracts will be assumed. However, the Plan provides minimal to no recovery for general unsecured creditors who are left behind. The convenience class is set to a low threshold of $10,000 and other general unsecured creditors will receive their pro-rata share of the "Waterfall Recovery" – which is likely 0%. At the same time, the Debtors are pushing forward with broad releases, purportedly supported by an ongoing investigation by the Special Committee. The Committee, as a fiduciary for unsecured creditors, disagrees with this assessment. While the Committee's own independent investigation into various claims and causes of actions against various parties-in-interest remains ongoing, the Committee believes there may be colorable claims that could be brought against certain of the proposed "Released Parties," and certainly believes that any releases should be supported by sufficient consideration.

2. As a result, the Committee does not believe that the Plan provides for sufficient recoveries for unsecured creditors and therefore does not support the Plan at this time. The Committee has provided proposed inserts for the Disclosure Statement, attached here as Exhibit A, that includes a "Committee Statement" on the Plan (including its recommendation that creditors vote to reject the Plan and opt-out of the third-party-releases, absent modification of the Plan) and a description of the status of the Committee's independent investigation.[3]

3. The Committee is in active dialogue with the Debtors and the Ad Hoc Group and hopes to continue negotiations on the Plan and general unsecured creditor treatment in advance of confirmation.

---

[3] The Committee understands that the Debtors have agreed to include these inserts in the Disclosure Statement, subject to the Debtors' reservation of rights in all respects.

4.  The Committee understands that additional information will be included/updated prior to the hearing on the conditional approval of the Disclosure Statement, including the size of the claims pool and expected distributions, financial projections, and liquidation analysis which are all critical pieces of information for general unsecured creditors who may otherwise face zero recovery. The Committee reserves all rights in this regard.[4]

## RESERVATION OF RIGHTS

5.  The Debtors are only seeking approval of the Disclosure Statement on a conditional basis and as noted above, certain key pieces of information will need to be included and served on parties in advance of a Voting Deadline for creditors to make an informed decision with respect to the Plan. The Committee reserves all rights as to final approval of the Disclosure Statement and the Plan (including the treatment of general unsecured creditors and release provisions, among others), and reserves the right to seek adjournment of the Confirmation Hearing if it is proceeding on a contested basis. Finally, the current Plan is premised on a reorganization; if the Debtors pivot to an "Acceptable Alternative Transaction," the Debtors should be required to resolicit, and the Committee reserves the right to seek relief from the Court in this regard if this scenario comes to fruition.

---

[4] The Committee has also requested certain technical modifications to the Plan ahead of even conditional approval of the Disclosure Statement, and understands that certain of these comments are being implemented. For example, given the importance of information that will be included in the Plan Supplement, the Committee has requested that the Plan Supplement be filed at least ten days prior to the Voting/Objection Deadline, so that creditors will have sufficient time to review these schedules. The Committee is also working with the Debtors to ensure that contract counterparties (whose contracts have not already been assumed and assigned to the Stalking Horse Purchasers) understand that under this reorganization scenario, contracts that are not on the Schedule of Contracts to be Rejected or have been previously rejected, will be assumed as a default and that certain contract counterparties can expect to receive a cure notice if the Debtors believe there are open monetary defaults.

Dated: December 10, 2025

Respectfully submitted,

**VARTABEDIAN HESTER & HAYNES LLP**

/s/ Jeff Protsok
Jeff Prostok (State Bar No. 16352500)
Deirdre Brown (State Bar No. 24049116)
1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: (817) 214-4990
Jeff.Prostok@vhh.law
Deirdre.Brown@vhh.law

Martin Sosland (State Bar No. 18855645)
2200 Ross Avenue, Suite 4600E
Dallas, Texas 75201
Telephone: (469) 654-1340
Martin.Sosland@vhh.law

- and –

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Rachael L. Ringer (admitted *pro hac vice*)
Natan M. Hamerman (admitted *pro hac vice*)
Jennifer R. Sharret (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Rachael.Ringer@hsfkramer.com
Natan.Hamerman@hsfkramer.com
Jennifer.Sharret@hsfkamer.com

***COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ANTHOLOGY, INC.***

## Exhibit A

**Committee Inserts to Disclosure Statement**

## Committee Statement

Under the Plan, general unsecured creditors (whose claims are not assumed pursuant to the Plan) can either elect into a de minimis "convenience class" (currently at $10,000) or receive their pro-rata share of a Waterfall Recovery (which is currently slated to be 0%). The Official Committee of Unsecured Creditors (the "**Committee**") does not believe that the Plan provides sufficient recoveries for unsecured creditors and therefore does not support the Plan. In addition, as further set forth below in Section [●] the Committee has been conducting an investigation in accordance with its duties and believes there may be colorable claims against certain of the proposed Released Parties, making it inappropriate for the Plan to provide for a release of all these parties (absent modification or additional consideration). While the Committee has been engaging in discussions with the Debtors and the Ad Hoc Group regarding the Plan's treatment of unsecured creditors and the releases, those discussions are ongoing. **At this time, the Committee does not support the proposed treatment of general unsecured creditors under the Plan and urges unsecured creditors to vote to reject the Plan and opt-out of the third party releases, absent modification that would include a global settlement or otherwise acceptable treatment for general unsecured creditors.**

The Committee hopes to continue to work with the case parties on a global resolution.

Under the current reorganization plan, Executory Contracts and Unexpired Leases that have not been previously assumed or rejected (including in connection with the Sale Transactions) or are not on the Schedule of Rejected Executory Contracts and Unexpired Leases will be assumed. The Plan Supplement (which will be filed [ten] days in advance of the Voting Deadline) will contain the Schedule of Rejected Executory Contracts and Unexpired Leases. In addition, the Debtors will be submitting Cure Notices to creditors whose Executory Contracts or Unexpired Leases will be assumed but have open monetary defaults owed by the Debtors. Creditors are encouraged to closely review the Plan Supplement and Cure Notices.

**Committee Investigation**

As part of the Committee's resolution of the Final DIP Order, the Committee negotiated robust investigation and challenge rights which ensure that the Committee can investigate potential claims against the Prepetition Secured Parties and their representatives, including claims relating to the claims and liens of the Prepetition Secured Parties and relating to prepetition transactions. Since its appointment, the Committee has been conducting such an investigation, including by pursuing discovery of the Debtors and other parties-in-interest relating to transactions and claims under investigation. Under the Final DIP Order, the Committee has until January 5, 2025, to pursue a Challenge against the Prepetition Secured Parties and/or their representatives, unless otherwise extended with the consent of the Ad Hoc Group. In addition to its investigation of the claims and liens of the Prepetition Secured Parties as provided under the Final DIP Order, the Committee is also currently conducting its own investigation of various transactions and claims that could be brought against certain third parties. While these

investigations remain ongoing, the Committee disagrees with the characterization of the Special Committee's Investigation and its preliminary findings. At this time, the Committee has preliminarily determined that colorable claims may exist that could be brought against certain of the proposed Released Parties. **Accordingly, the Committee does not believe the broad releases set forth in the Plan are appropriate, absent sufficient consideration.** The Committee believes that either (i) the releases should be modified so as not to limit the pursuit of claims that may exist against certain Released Parties (to fund unsecured creditor recoveries) or (ii) certain Released Parties should provide consideration to unsecured creditors in exchange for the releases. The Committee is engaging in discussions with the Debtors and the Ad Hoc Group on these issues.